FILED
SUPERIOR COURT
OF GUAM

2012 AUG 14 AM 10: 40

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

ROBERT FLORES S. CASTRO

                    Plaintiff,

                    vs.

SOFIA LEE FABRIGA CASTRO,

                    Defendants.

)
)
) DOMESTIC CASE No: DM793-10
)
)
)
)
) DECISION AND ORDER
) (Motion to Enforce Settlement Agreement:
) Attorneys' Fees)
)
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 26, 2012, for a motion hearing on Plaintiff's Motion to Enforce Settlement Agreement. Attorney Seaton M. Woodley, III appeared on behalf of Robert Flores S. Castro ("Plaintiff"). Attorney Joaquin C. Arriola, Jr. appeared on behalf of Sofia Lee Fabriga Castro ("Defendant"). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

Plaintiff filed a Complaint for Divorce on November 30, 2010. On December 10, 2010, Defendant filed an Answer to Complaint for Dissolution of Marriage and Counterclaim. A Reply to Counterclaim was filed by Plaintiff on December 21, 2010. The Court set a Scheduling Conference on March 15, 2011, in anticipation of a Bench Trial initially set for July

14, 2011, at 2 p.m. Trial Scheduling Order (Mar. 15, 2011). Consequently, a Status Hearing took place on May 31, 2011.

Plaintiff's Trial Brief was filed with the Court on July 6, 2011. Defendant's Trial Memorandum was filed on July 13, 2011. On July 14, 2011, it was brought to the Court's attention that a settlement was in order. Transcript JDAASCRA (7/14/2011) at 9:24:35. Therefore, the Court vacated a Bench Trial scheduled for July 28, 2011. On July 28, 2011, a Divorce and Property Settlement Agreement was filed with the Court. Likewise, Final Decree of Divorce was filed on August 2, 2011.

On May 15, 2012, Plaintiff filed a Motion to Enforce Settlement Agreement. The Court heard the matter on June 26, 2012 and now issues this Decision and Order.

## DISCUSSION

Plaintiff moves the Court to enforce a settlement agreement that was incorporated into the Interlocutory Judgment of Divorce on July 28, 2011. Plaintiff relies on Paragraph 3 of the Judgment which states: "the Parties are ordered to do all things necessary to enforce and comply with said Divorce and Property Settlement Agreement." Pl's Mot. to Enforce Settlement Agreement (May 15, 2012). Plaintiff specifically argues that "[Defendant] received $30,000 for her interest in Lot No. 7067-D-Rem-1-6 in early March 2012. [Plaintiff contends that he] delivered a quitclaim deed and filing affidavit for [Defendant's] signature on Marcy 16, 2012, after she received her money. [Plaintiff further contends that Defendant] failed to sign and return the quitclaim deed which was required of her under the agreement." Id. Because Plaintiff had not received a signed and notarized deed, he moves the Court to enforce the Settlement Agreement and requests to recover his paid attorney's fees in the amount of $600. Id.

Defendant did not file an opposition to Plaintiff's motion.

Guam Rules of Civil Procedure provide the following relative to Attorneys' Fees:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

Guam R Civ. P. 54(d)(2)(A).

The Supreme Court of Guam held that the American Rule is applicable in this jurisdiction. See *Fleming v. Quigley*, 2003 Guam 4 ¶ 13. In view of this holding, "attorney's fees are generally not recoverable unless authorized by statute, contract, or under equitable circumstances." *Duenas v. Kallingal*, 2012 Guam 4 ¶ 48 (quoting *Fleming*, 2003 Guam 4 ¶ 20). In the instant case, Section 5 of the Divorce and Property Settlement Agreement reads: "Each Party shall pay for their respective attorney's fees and costs incurred with the litigation in this matter. In the event that legal action, other legal proceeding, or any other action is initiated to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs." "Guam recognizes the exception that attorney's fees are allowed where they are provided for in a contract." *Fargo Pacific, Inc. v. Korando Corp.*, 2006 Guam 22 ¶ 49. [The Supreme Court of Guam] upheld a contractual provision providing that attorney's fees were recoverable in the case of one party having to enforce [a] contract[.] *Id*

At the motion hearing, Defendant tendered over the deed requested by Plaintiff. Defendant represented to the Court that a written opposition was not filed because of cost factors. Transcript JDAASCRA (6/26/12) at 10:20:30. Likewise, Defendant indicated that a Declaration would be filed by the end of that day to show how much was incurred on her end and that she would ask for a counterclaim.[1] Transcript JDAASCRA (6/26/12) at 10:21:45.

---

[1] The Court notes that as of August 13, 2012, Defendant did not file a Declaration.

Plaintiff responded that such a counterclaim would be untimely. Transcript JDAASCRA (6/26/12) at 10:22:08.

Therefore, pursuant to the Settlement Agreement relative to attorney's fees entered into by Plaintiff and Defendant and the relevant Guam cases discussed supra, the Court GRANTS Plaintiff's Motion to Enforce Settlement Agreement and awards Plaintiff attorneys' fees in the amount of Six Hundred Dollars ($600.00), for following through this motion. See Pl's Declaration (May 14, 2012).

**CONCLUSION**

By a preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Plaintiff's Motion to Enforce Settlement Agreement and awards Plaintiff attorneys' fees in the amount of Six Hundred Dollars ($600.00).

**SO ORDERED** this ___ 14 ___ day of August, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

AUG 14 2012

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam

Castro v. Castro (DM793-10)
Motion to Enforce Settlement Agreement: Attorneys' Fees